WOOD, J.
This cause comes here by ajDpeal from the Common Pleas. The papers show that the Court of Common Pleas gave an opinion on the demurrer, and afterwards gave the defendant leave to amend his plea. This leave he did not avail himself of, and the cause proceeded upon other issues to judgment. It is now claimed that in this state of things, the demurrer and plea will not be regarded by this court, as they constitute here no part of the pleadings, in the cause appealed. The uniform practice of the court is opposed to this claim, and we do not now feel disposed to change the practice.
A single point is raised on the demurrer, viz.: that the law of Ohio exempts females from imprisonment on execution, and therefore, the plea discloses no justification fort’ne arrest and imprisonment. The *act of 1831, privileging certain persons from arrest (29. O. [466 Pj. 342), amongst other things, provides that all females shall be privileged from arrest and imprisonment in suits founded upon contracts, and that persons arrested contrary to the act, may and shall be discharged on habeas corpus, or in a summary way by motion to the court issuing the process. By the general rule of law, anyperson may be arrested on legal process. .An exception from the rule *478 is provided in favor of females, in reference to their contracts. If the plaintiff would bring herself within the exception, upon the common princij)les of pleading, she should reply and set forth the facts, not demur. The debt mentioned in the execution, may have arisen otherwise than upon a contract. It may have arisen upon a suit on a judgment, for a trespass, or as a penalty for some infraction of a statute. ’ 11, therefore, it be conceded, that we are to take judicial notice of the sex of the plaintiff, from the name, or the use of the pronoun she in the plea, (which we do not decide), we are not judicially advised that the process issued in a suit upon a contract. But, it is said, the plea shows an abuse of the process, and therefore, it is void. The cases cited are of process issuing from a court having no jurisdiction, where the proceedings were coram non judice and void. Such is not this case. But what abuse is shown ? A person under arrest becomes refractory, and the officers call an assistant, who helps conduct the party to prison. We see no abuse here. The demurrer is overruled; 1 Ch. Pl. 174.